IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

LOWELL MICHAEL DOUDNA,

      Plaintiff,

v.                                                           No. CIV O4-1011 BB/RLP

CITY OF ALBUQUERQUE and OFFICER
CHRISTOPHER JUAREZ, in his individual
and official capacities,

      Defendants.


**MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court for consideration of a motion for summary judgment filed by Defendants (Doc. 22). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the motion will be denied. For administrative purposes, the Court notes that a second motion for summary judgment filed by Defendants (Doc. 20) has been rendered moot by Plaintiff's voluntary dismissal of Counts II and IV of the complaint (Doc. 31). That motion will accordingly be denied.

      **Standard of Review:** "Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." Id. On a motion for summary judgment, the issue is "not whether [the court] thinks the evidence unmistakably favors one side

or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  "Nevertheless, a jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question."  Walker v. NationsBank of Florida, 53 F.3d 1548, 1555 (11th Cir. 1995).  The Court will consider Defendants' motion in light of these standards.

**Merits:**  This is an excessive-force case raising claims under the Fourth Amendment and under state law.  Defendants make the following major arguments in support of their contention that there is no genuine issue of material fact, and Defendant Juarez is therefore entitled to qualified immunity:  (1) Plaintiff's memory of the events in question is incomplete, due to his intoxication and to the fact that he was unconscious for a portion of the relevant time period; (2) Plaintiff cannot identify Juarez as the person who caused Plaintiff any injury; and (3) all of Juarez's actions were justified, as Juarez used a reasonable degree of force to carry out a lawful arrest.  The Court's review of the summary-judgment materials, however, reveals genuine issues of material fact sufficient to warrant denial of Defendants' motion.

Viewed in the light most favorable to Plaintiff, the following evidence has been adduced in this case:  (a) Defendant Juarez first encountered Plaintiff inside the Graham Central Station nightclub, when Plaintiff was being escorted from the premises by two security personnel employed by the nightclub [MSJ Exh. C, Juarez depo., p. 6]; (b) Plaintiff suddenly turned around and appeared as if he was going to try to go back inside the club, and resisted the attempts of the security personnel to prevent him from doing so [*Id.* p. 7-8]; (c) Juarez and another APD officer then tackled Plaintiff, taking him to the floor with enough force to take down all five individuals

(Plaintiff, the two private security personnel, and the two APD officers) [*Id.*]; (d) According to Plaintiff, the first time he was taken down to the floor, inside the club, it was without warning or provocation [MSJ Exh. D, Interrog. #17][1]; (e) Plaintiff was handcuffed while he was on the floor, and then forcibly removed from the club [MSJ Exh. C, pp. 9-10] (f) Plaintiff then head-butted Defendant Juarez, causing a small cut on Juarez' cheek; as a result, Juarez and his partner took Plaintiff to the ground again, face-first [*Id.*]; (g) Plaintiff's head got slammed on the ground a couple of times, and he was kneed in the back and the head while he was on the ground [MSJ Exh. E, Pltf. depo. pp. 65, 81]; (h) Subsequently, the officers slammed Plaintiff's head against the trunk of a police cruiser [*Id.* pp. 74-75];[2] (i) While Juarez was driving Plaintiff to the detention center, Juarez slammed on the brakes once or twice, so rapidly that Plaintiff's face hit the cage separating the back seat from the front [Resp. Exh. 2, Pltf. depo. p. 171]; (j) Juarez also refused to loosen Plaintiff's handcuffs for the 15-20 minute ride to the detention center, and instead told Plaintiff to quit whining [MSJ Exh. E, p. 83]; (k) As a result of the incident, Plaintiff suffered a black eye, bruised ribs, cut marks on both wrists, and bruises and scratches all over his body [*Id.* pp. 129-30); (l) Immediately prior to the incident, Plaintiff had "a buzz" due to his consumption of alcohol but would have been able to drive safely; according to his companions he was mellow,

---

[1] It is true that Plaintiff himself had difficulty identifying which individuals took him to the floor inside the club; however, the deposition testimony of Juarez himself indicates he was involved in that action. Plaintiff's inability to identify Juarez, therefore, is simply conflicting evidence that must be resolved in his favor at the summary-judgment stage.

[2] The Court recognizes there is testimony from several APD officers that Plaintiff hit his own head against the cruiser, more than once, and also banged his own head against the ground outside the club. Again, however, this is simply conflicting evidence that must be disregarded at this point in the case.

laid back, not aggressive, and not combative [*Id.* p. 32; Resp. Exh. 6, pp. 32-33; Exh. 7, pp. 38-39; Exh. 8, p. 42].

The foregoing evidence raises genuine issues of fact as to at least the following issues:[3] whether Juarez and his partner used reasonable force in tackling Plaintiff and taking him to the ground inside the club; whether Juarez and his partner used reasonable force in taking Plaintiff to the ground again outside the club, while he was handcuffed;[4] and whether Juarez and his partner slammed Plaintiff's head into the ground and into the trunk of the police cruiser, or Plaintiff hit his own head against the ground and the vehicle.  The last question of fact alone warrants denial of Defendants' motion, as no reasonable police officer could believe that slamming a handcuffed arrestee's head into the ground or into a car constitutes a reasonable use of force.  Depending on which version of the facts the jury believes, the jury could determine that the force used by Juarez and his partner was not objectively reasonable in light of the facts and circumstances confronting Juarez, and therefore was excessive under clearly established law.  *See, e.g., Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443  (1989);  *Cruz v. City of Laramie*, 239 F.3d 1183, 1188 (10th Cir.2001).

Similarly, the same issues of fact require denial of the summary-judgment motion as it pertains to the state law battery claim.  Defendants maintain the officers acted lawfully because they had a right to arrest Plaintiff and to use a reasonable amount of force in doing so.  As

---

[3] The Court does not intend to exclude other issues of fact or instances of excessive force that might be proven at trial.

[4] If it was necessary to take Plaintiff to the ground to control him and prevent him from assaulting an officer again, the force would be reasonable; on the other hand, if the officers were acting out of anger, to punish Plaintiff for his actions, a jury could find the force was not reasonable.  *See, e.g., Phelps v. Coy*, 286 F.3d 295, 301-302 (6th Cir. 2002).

discussed above, however, a jury could find the officers used excessive force in effecting the arrest, resulting in the commission of a battery against Plaintiff.  *See, e.g., Restatement (Second) of Torts* § 132 (1965) (officer's use of force is not privileged if the force is greater than that reasonably necessary); *cf. Downs v. Garay*, 742 P.2d 533, 536 (N.M. App. 1987) (applying that principle to citizen's arrest).

## ORDER

Based on the foregoing Memorandum Opinion, it is hereby ORDERED that Defendants' motion for summary judgment on Counts I and III (Doc. 22) be, and hereby is, DENIED on the merits; it is also ORDERED that the motion for summary judgment on Counts II and IV (Doc. 20) be, and hereby is, DENIED as moot, since those Counts have been dismissed from the case.

**DATED** at Albuquerque this 13th day of September, 2005.

BRUCE D. BLACK
United States District Judge

**Attorneys:**

**For Plaintiff**
Jim Baiamonte

**For Defendant**
Beatrice J. Brickhouse